UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDY J. OXENRIDER, | |
| Plaintiff, | CIVIL ACTION NO. 1:23-CV-00942 |
| v. | |
| PENNSYLVANIA STATE POLICE TROOP L. SCHUYLKILL HAVEN, et al., | (MEHALCHICK, M.J.) |
| Defendants. | |

# ORDER

*Pro se* prisoner-Plaintiff Andy J. Oxenrider ("Oxenrider") initiated civil rights action pursuant to 42 U.S.C. § 1983 by filing a complaint on June 8, 2023, against Defendants Pennsylvania State Police Troop L. Schuylkill Haven, Trooper Bradley Tymchyshyn, Sergeant/Commissioner/Supervisor Thomas Lied, County of Schuylkill District Attorneys, District Attorney of Schuylkill County Michael A. O'Pake, and Assistant District Attorney of Schuylkill County Shelby G. Hostetter. (Doc. 1). Currently pending before the Court is Oxenrider's motion to appoint counsel. (Doc. 4). For the following reasons, the motion to appoint counsel will be DENIED.

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has the discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Under § 1915(e)(1), the "court may request an attorney to represent any person unable to employ counsel." The district court's appointment of counsel is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157-58.

Appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57). Additionally, another practical consideration must be taken into account when considering a motion for appointment of counsel. As the Third Circuit has observed:

> [W]e must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

*Tabron*, 6 F.3d at 157.

Here, Oxenrider asserts that appointment of counsel is necessary because: (1) he is unable to afford counsel; (2) the issues involved in this case are complex; (3) he only has a high school education with limited access to the law library and limited knowledge of the law;

2

and (4) he has attempted to secure counsel but has not been successful. (Doc. 4, at 1-2). On the record presently before the Court, application of the *Tabron* factors weighs in favor of denying Oxenrider's application for appointment of counsel at this time.

In evaluating this first factor, courts should consider "the plaintiff's education, literacy, prior work experience, and prior litigation experience . . . plaintiff's ability to understand English . . . or, if the plaintiff is a prisoner, the restraints placed upon him or her by confinement." *Tabron*, 6 F.3d at 156. Oxenrider has thus far demonstrated an ability to adequately litigate this case, as he successfully filed the complaint, motion for leave to proceed *in forma pauperis*, and motion to appoint counsel. (Doc. 1; Doc. 2; Doc. 4); *see Montgomery*, 294 F.3d at 499. Oxenrider "has shown he sufficiently understands court procedure" and has the apparent ability to comprehend the legal issues and litigate this action thus far. *Daughtry v. Kauffman, et al.*, No. 3:17-CV-0442, 2019 WL 118600, at *4 (M.D. PA. Jan. 7, 2019). There is no indication that Oxenrider is unable to present his case and the legal issues do not appear to be particularly difficult or complex. (Doc. 1). However, Oxenrider's limited law library access slightly tips the balance in his favor for the first *Tabron* factor. *See* 6 F.3d at 156.

Because "most of" the *Tabron* factors have not been met at this time, coupled with this Court's duty to construe *pro se* pleadings liberally, Oxenrider's claims weigh against the appointment of counsel. *See Haines v. Kerner*, 404 U.S. 519 (1972); *see also Daughtry*, 2019 WL 118600, at *5 (citation omitted) (denied motion to appoint counsel where plaintiff successfully presented arguments, obtained relevant records to support his claims, and independently attempted to obtain counsel without success). In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Oxenrider.

AND NOW, this 30th day of June, 2023, **IT IS HEREBY ORDERED** that Oxenrider's motion to appoint counsel (Doc. 2) is **DENIED**.

*s/ Karoline Mehalchick*
KAROLINE MEHALCHICK
**Chief United States Magistrate Judge**