IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDY J. OXENRIDER, | : | Civil No. 1:23-CV-942 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Bloom) |
| PENNSYLVANIA STATE | : | |
| POLICE TROOP L. | : | |
| SCHUYLKILL HAVEN, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

Pending before the court are several requests to appoint counsel for the plaintiff, Andy Oxenrider, a *pro se* prisoner litigant. (Docs. 20, 25). Alternatively, Oxenrider requests an extension of the briefing schedule for the pending motion to dismiss until he is released from incarceration and can retain private counsel to represent him. (Doc. 25). After consideration, we will deny the plaintiff's requests for court-appointed counsel but grant his request for an extension of the briefing schedule.

While we understand the plaintiff's interest in securing court-appointed counsel, we also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir.

1993). Instead, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel." The decision to appoint counsel under §1915(e)(1) is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157-58.

The Third Circuit Court of Appeals has set forth six factors to guide our consideration of the plaintiff's request for counsel:

> (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457. Additionally, the Court of Appeals has recognized several practical considerations which we must take into account, such as the number of *pro se* prisoner actions filed in federal court; the lack of funding for court-appointed counsel; and the limited number of lawyers willing to undertake representation without compensation. *Tabron*, 6 F.3d at 157. "[V]olunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately." *Tabron*, 6 F.3d at 157.

2

Here, our analysis of these factors leads us to conclude that counsel should not be appointed at this time. At the outset, appointment of counsel would be premature since we have not yet fully considered the threshold factor we must examine: the arguable merits of the plaintiff's claims. In any event, the issues in this case appear to be well-known to the plaintiff, who has shown the ability to litigate his claims thus far. Further, it appears that the amount of investigation needed in this case is minimal.

Considering the relevant factors, we will DENY these requests to appoint counsel (Docs. 20, 25), at this time without prejudice to re-examining this issue at the request of the plaintiff, or *sua sponte*, as this litigation progresses. However, as no party has opposed the plaintiff's request for an extension, [1] and recognizing that the plaintiff has requested an extension in order to retain counsel should the court decline to appoint counsel, we will GRANT the plaintiff's request for an extension

---

[1] We note that while the Schuylkill County defendants have filed a brief in opposition to Oxenrider's motion, their brief solely opposes the appointment of counsel and takes no position on the plaintiff's request for an extension of the briefing schedule. (Doc. 26).

of the briefing schedule. Accordingly, the plaintiff shall file his brief in opposition to the motion to dismiss **on or before January 12, 2024**.[2]

SO ORDERED, this 10th day of October 2023.

> *S/ Daryl F. Bloom*
> Daryl F. Bloom
> United States Magistrate Judge

---

[2] The plaintiff's motion indicates that his projected release from prison is December 13, 2023. (Doc. 25 at 8). While he has requested 60 days from his release date to file a brief, we believe that a 30-day extension is more appropriate. If the plaintiff requires more time as the January 12, 2024, date approaches, he may file a second motion for an extension of time.

4